UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STEVEN NICKLAY,

        Plaintiff,                    Case No. 1:08-cv-330

v.                                              Honorable Robert J. Jonker

TAMMIE BRAND,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought *pro se* by Robert Nicklay.[1] The Court has granted Plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly

---

[1] Ronald Dennis also was a Plaintiff in this action, but was dismissed by the Court for failure to comply with the Court's deficiency order.

Case 1:08-cv-00330-RJJ-HWB   ECF No. 22 filed 08/29/08   PageID.48   Page 2 of 5

irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's action be dismissed for failure to state a claim.

## Discussion

In his two-page complaint, Plaintiff sues Tammie Brand, a corrections clerk at the Eaton County Jail where Plaintiff previously was incarcerated. Plaintiff claims that Brand violated inmates' constitutional rights "by prohibiting the writing of messages or symbols on the outside of envelopes both inbounds and outbounds." (Compl., ¶ 1, docket #1.) Plaintiff further claims that Brand refused to notarize prisoners' handwritten documents, effectively blocking their access to the courts. Plaintiff also violated the constitution "by opening inmates['] outbound mail and also inmates['] inbound legal mail." (Compl., ¶ 3.) For relief, Plaintiff asks that Brand be removed from her position at the Eaton County Jail and that he receive compensatory and punitive damages of $250,000.

A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives. *See Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992). While Plaintiff does not explain the nature of the "messages or symbols" that were written on the outside of his outgoing or incoming mail, the jail has a legitimate security interest in preventing prisoners from communicating with persons outside the jail in secret codes or symbols. Moreover, the complained of rule impacts only the outside of the envelope. In other words, Plaintiff does not allege that the same "messages or symbols" cannot be included in the contents of his correspondence. Thus, prohibiting prisoners from sending or receiving mail with "messages or symbols" on the outside of an envelope does not violate the First Amendment.

Plaintiff further contends that Brand opened prisoners' mail, including incoming legal mail. As a general matter, prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy. *See Lavado v. Keohane*, 992 F.2d 601, 607 (6th Cir. 1993). When the incoming mail is "legal mail," courts have heightened concern with allowing prison officials unfettered discretion to open and read an inmate's mail. *See Sallier v. Brooks*, 343 F.3d 868, 874 (6th Cir. 2003). The prison's interest in security must be balanced with a prisoner's First Amendment right to receive mail, particularly correspondence that impacts upon or has import for the prisoner's legal rights, the attorney-client privilege, or the right of access to the courts. *Id.* However, "[n]ot all mail that a prisoner receives from a legal source will implicate constitutionally protected legal mail rights." *Id.* In *Sallier*, the court found that mail from the American Bar Association and county clerks did not implicate First Amendment rights, while mail from courts and attorneys did implicate such rights. *Id.* at 875-77. Moreover, a prisoner's legal mail is entitled to special handling, i.e., to be opened in his presence, only after the prisoner has requested special handling of his mail. *Id.* at 875.

Here, Plaintiff does not allege that he requested special handling of his legal mail or that the alleged incoming "legal" mail was from a court or attorney or otherwise identifiable as confidential legal mail that would implicate First Amendment rights. Even under the liberal pleading standards afforded to *pro se* litigants, Plaintiff fails to state a First Amendment claim.

Plaintiff also claims that Brand violated his First Amendment right of access to the Courts by refusing to notarize prisoners' handwritten documents. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by

providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1, 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

Plaintiff does not allege that Brand's purported refusal to notarize his legal documents resulted in actual injury to a criminal appeal, habeas corpus application or civil rights claim. The Court notes that Plaintiff's unnotarized pleadings were accepted by this Court in this

action and seven other actions filed by Plaintiff in this Court in April and May of this year. Thus, there is no reason to believe Plaintiff was injured by Brand's alleged conduct.

### Recommended Disposition

Because Plaintiff's action fails to state a claim upon which relief may be granted, I recommend that his complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). I further recommend that leave to appeal *in forma pauperis* on appeal be denied pursuant to 28 U.S.C. § 1915(a)(3).


Dated:  August 29, 2008                                /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).